IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARCUS LAQUEZ LESTER**                                                             **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:03CV1045LN**

**S. PREVOST**                                                                    **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the court on a review of the docket, which revealed that an Order was entered on September 27, 2004, requiring the Plaintiff to notify the court if he wished to proceed in this matter. The basis for the Order was the Plaintiff's notification that the sole remaining Defendant had moved to Canada. The Plaintiff has not responded in any manner to that Order.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* without prejudice for the Plaintiff's failure to prosecute his case and to obey the orders of the court, particularly, the Order of September 27, 2004. This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.* , 370 U.S. 626, 630-631 (1962). In this case, the Plaintiff was informed that a failure to notify the court of his intentions would result in a dismissal without prejudice.

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition

of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of the Plaintiff also prejudice the rights of the Defendant to promptly and fully defend the claims made against him.  For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to Fed. R. Civ. P. 41(b), without prejudice.  Because the basis for the dismissal is the Defendant's moving out of the country, thereby frustrating service of process on him, the undersigned further recommends that this dismissal not be counted as a strike for purposes of future filings *in forma pauperis*.

The Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 24th day of May, 2005.

                                                                   s/Alfred G. Nicols, Jr.
                                      UNITED STATES MAGISTRATE JUDGE